UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIANO PEREZ, JR., | |
| Petitioner, | Case No. 1:23-cv-00084-DKG |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| WARDEN VALLEY, | |
| Respondent. | |

Petitioner Mariano Perez, Jr. (Petitioner), filed a Petition for Writ of Habeas Corpus challenging two state court sentences of life without parole. (Dkt. 3.) Now ripe for adjudication is Respondent's Motion for Summary Dismissal. (Dkts. 12, 15.)

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 8.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the parties' filing and the state court record in this matter, and having determined that oral argument is unnecessary, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

### 1. Relevant Factual Background

The Idaho Court of Appeals described the underlying facts, as follows:

> On February 6, 2005, Perez threatened his estranged girlfriend and three other persons with a handgun. He was charged with three counts of aggravated assault, Idaho Code §§ 18–901(a or b), –905(a), one count of felony injury to children, I.C. § 18–1501(1), and one count of unlawful possession of a firearm, I.C. § 18–3316, and a warrant was issued for his arrest.
>
> Three days later, Officer Allen Williamson saw Perez commit a traffic infraction. Williamson attempted a traffic stop but Perez fled, eventually crashing his vehicle. Perez then exited the vehicle and ran, with Williamson in pursuit. When Williamson caught up to him, Perez pulled a gun and shot the officer multiple times from point-blank range. Williamson survived his injuries.
>
> Perez fled to Reno, Nevada, where he was apprehended by local authorities.

(State's Lodging B-8, pp. 1-2.)

For pointing a gun at his girlfriend and the passengers of her car, Petitioner pleaded guilty to one count of aggravated assault and to the persistent violator sentencing enhancement. (State's Lodgings A-1, p. 95; A-3, pp. 309-16.) For shooting Officer Williamson, Perez entered a conditional plea to aggravated battery on a law enforcement officer, and admitted the persistent violator sentencing enhancement, but he preserved his right to appeal the trial court's denial of his motion to suppress incriminating statements made to police officers and news reporters. (State's Lodgings A-3, pp. 309-16, 366; B-8,

MEMORANDUM DECISION AND ORDER - 2

p. 3.) Though each charged crime carried a maximum five-year sentence, the trial court

imposed concurrent fixed life sentences in both cases under the persistent violator statute.

(State's Lodgings A-1, pp. 93-94; A-3, pp. 364-65; B-8, p. 3.) The trial court denied

Petitioner's suppression motion and his Rule 35 motion for a reduction of his sentences.

(State's Lodgings A-3, pp. 410-411, 413-445; B-8, p. 3.)

　　　　Petitioner filed a direct appeal, challenging the trial court's denial of the Rule 35

motion, denial of the suppression motion, and pronouncement of two life-without-parole

sentences as excessive. (State's Lodgings B-1, B-6.) In a published opinion, the Idaho

Court of Appeals affirmed the convictions and sentences. (State's Lodging B-8.)

　　　　As to denial of the Rule 35 motion for reduction of sentence, the court opined:

> In *State v. Eubank,* 114 Idaho 635,638, 759 P.2d 926,929 (Ct.
> App. 1988), we cautioned that "a fixed life term, with its rigid
> preclusion of parole or good time, should be regarded as a
> sentence requiring a high degree of certainty—certainty that
> the nature of the crime demands incarceration until the
> perpetrator dies in prison, or certainty that the perpetrator
> never, at any time in his life, could be safely released." We
> further stated, "[A] fixed life sentence may be deemed
> reasonable if the offense is so egregious that it demands an
> exceptionally severe measure of retribution and deterrence, or
> if the offender so utterly lacks rehabilitative potential that
> imprisonment until death is the only feasible means of
> protecting society."
>
> Applying these standards, we conclude that the fixed life
> sentence imposed upon Perez was not an abuse of discretion.
> At the time of these offenses, Perez was a man twenty-eight
> years of age. He had numerous prior criminal convictions,
> both as a juvenile and as an adult, many involving violence
> and guns…. He had been through the retained jurisdiction

**MEMORANDUM DECISION AND ORDER - 3**

program in this state and through prison rehabilitation
programs, yet he returned to his criminal lifestyle
immediately upon release from prison.

The present offenses are extremely egregious…. Perez and
his passenger … waived handguns outside of their vehicle
and pointed them at his girlfriend's vehicle. A chase ensued at
speeds exceeding 70 miles per hour. During the chase, Perez
called one of the passengers in the girlfriend's vehicle by cell
phone, informing the man that the girlfriend was a "dead
bitch"…. In the days following the assaults, one of the
girlfriend's passengers called Perez to inquire whether he
should be concerned for his safety. During the call, Perez said
that he had pulled the trigger on his gun several times, but
that it did not fire because he had forgotten to turn off the
safety. Perez told the man that he was in the process of
turning off the safety with the intent of shooting, but that his
passenger talked him out of it stating, "She's not worth it."
Perez later admitted these facts to an investigating officer.
Apparently unknown to Perez, Perez's own nine-year-old son
was in the girlfriend's car at the time of the assault.

Days later, Perez shot a police officer multiple times at point
blank range in order to avoid apprehension on the aggravated
assault charges. Although, remarkably, the officer survived
his injuries, the circumstances of the shooting amply
demonstrate a willingness to kill.

Given the nature of these crimes, and Perez's extensive
history of violence, we hold that the district court did not err
in concluding that Perez lacked rehabilitative potential and
that fixed life imprisonment was reasonable and necessary to
protect society and serve the sentencing goals of retribution
and deterrence. Perez made no showing on his Rule 35
motions that would support a different conclusion.

(State's Lodging B-8, pp. 6-7.) The Idaho Supreme Court denied Perez's petition

for review. (State's Lodging B-13.)

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner next filed post-conviction relief petitions challenging both convictions. After summary dismissal, Petitioner appealed. The Idaho Court of Appeals affirmed the trial court's dismissal, and the Idaho Supreme Court dismissed Petitioner's petition for review after he failed to file a supporting brief. (*See* State's Lodgings C-1 to D-6.)

In 2013, Petitioner filed a federal habeas corpus petition, which was dismissed without prejudice for failure to prosecute. *Perez v. Ellis*, Case No. 1:13-cv-00292-BLW (Dkt. 3).

In 2021, Petitioner filed a Rule 35(a) motion for correction of sentence in his original criminal case, contending that his sentence was illegal. (State's Lodging E-1, pp. 25-27.) Under Idaho law, a motion to correct an illegal sentence may be brought at any time. *See* Idaho Crim. R. 35(a); *State v. Huffman*, 159 P.3d 838, 840 (2007). After denial of that motion, Petitioner filed an appeal and a petition for review. He received no relief. His state court action concluded on January 17, 2023. (State's Lodgings F-3 to F-9.)

On February 26, 2023, Petitioner filed a new Petition for Writ of Habeas Corpus in federal court, challenging his sentence as "illegal." (Dkt. 3, pp. 4-8; Dkt. 7, pp. 4-8.) Respondent asserts that the Petition is subject to summary dismissal for all of the following reasons: (1) Petitioner's statute of limitations expired before he filed his Petition; (2) Petitioner's claim is based on state law and not cognizable on federal habeas corpus review; and (3) Petitioner's federal claim is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 5**

On December 1, 2023, Petitioner filed a Response to the summary dismissal

motion stating:

> By reading the statutes and Idaho Code that apply to
> my sentence I know in my heart that I am not adding it up
> completely wrong. *Meier* is wrong in its ruling. All I'm
> asking this court is to look into that and correct it so that I
> receive Justice….

(Dkt. 15.) *State v. Meier*, 366 P.3d 197 (Idaho Ct. App. 2016), is governing case law

permitting a fixed life sentence to be pronounced under the persistent violator statute.

## 2. Discussion of Statute of Limitations Defense

### A. *Standard of Law Governing Timeliness*

Petitioner's challenge to his state court criminal judgment is governed by Title 28

U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of

1996 (AEDPA). Under AEDPA, a federal habeas corpus petition must be filed within one

year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year*

means 366 days, for example*, from January 1, 2000, to January 1, 2001. See Patterson v.*

*Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure

6(a) to AEDPA).

The most common trigger is the first one, "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

**MEMORANDUM DECISION AND ORDER - 6**

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-150 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

**MEMORANDUM DECISION AND ORDER - 7**

Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[1]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Even though state law may permit a Rule 35 motion for correction of an illegal sentence to be filed at any time, such a provision of state law does not serve to extend the federal statute of limitations. The Ninth Circuit addressed a similar circumstance in *Ferguson*. There, the petitioner, an Oregon state prisoner, filed his state post-conviction

---

[1] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 8**

relief petition within Oregon's two-year statute of limitation, but beyond 28 U.S.C. §

2244(d)'s one-year statute of limitation for federal petitions. *Id.* at 822. When he

attempted to file a federal petition after exhausting his claims in state court, the district

court dismissed it as untimely. *Id.*

On appeal to the Ninth Circuit, Ferguson argued that strict enforcement of the

federal statute of limitation rendered habeas corpus an inadequate or ineffective remedy

and violated the Suspension Clause in Article I, § 9, of the Constitution. *Id*. at 822.

Specifically, Ferguson argued that a literal interpretation of the statute created a "'trap'

for [state] prisoners who availed themselves of state remedies in a timely fashion, only to

find themselves barred from federal court." *Id*. at 823. In rejecting this contention, the

Ninth Circuit concluded that it is unreasonable for a state prisoner to rely on the state

statute of limitation rather than AEDPA's statute of limitation. *Id.*

If a petition is deemed untimely, a federal court can hear the claims if the

petitioner can establish that "equitable tolling" should be applied. In *Pace v.

DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable

tolling bears the burden of establishing two elements: (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstances stood in his way." 544

U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and

the extraordinary circumstances. The petitioner bears the burden of bringing forward

**MEMORANDUM DECISION AND ORDER - 9**

facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")).

There is an "actual innocence" exception to the AEDPA statute of limitations, which applies only when a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383 (2013). "'Actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 400 (quoting *Schlup*, 513 U.S. at 327). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

### B.  *Analysis of Timeliness Issues*

Petitioner's direct appeal action concluded in the Idaho state court system on July 31, 2008, when the Idaho Supreme Court denied his petition for review. (State's Lodging

**MEMORANDUM DECISION AND ORDER - 10**

B-13.) His judgment did not become final until 90 days after the Idaho Supreme Court

denied his petition for review, which was October 29, 2008. The statute of limitations

began running on that date. It ran for 196 days, until Petitioner filed his post-conviction

action on May 13, 2009 (mailbox rule), which tolled the federal statute of limitations.

(State's Lodging C-1, p. 7.) When Petitioner's post-conviction action concluded in the

Idaho state court system on May 15, 2013 (State's Lodging D-6), his federal statute

began running again, with 170 days left. It expired on November 2, 2013, well before

Petitioner filed his recent Rule 35 motion in state court on January 29, 2021 (State's

Lodging E-1, pp. 25-27) or his federal habeas corpus action in 2023.

Petitioner's claim that his sentence was incorrectly calculated or illegal under the

law was known at the time of his original judgment and could have been brought in his

direct appeal. There is no legal or factual basis evident from the record showing that

Petitioner's statute of limitations should be equitably tolled. Nor are there grounds for a

finding of actual innocence.

Nothing in Petitioner's late-filed Rule 35 motion—which action terminated on

January 17, 2023 (State's Lodging F-10), triggered the start of a new statute of limitations

period. Once an original one-year period expires, it cannot be resurrected by a new state

court filing filed after expiration. For all of these reasons, Petitioner's petition is subject

to dismissal with prejudice because it was filed after the federal statute of limitations

**MEMORANDUM DECISION AND ORDER - 11**

expired, and no legal excuse for the late filing was argued by Petitioner or is evident in the record.

### 3.   Discussion of Procedural Default Defense

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State court remedies are considered technically exhausted, but not properly exhausted, if a petitioner failed to pursue a federal claim in state court and no remedies remain available. *Id*. at 848.

Improper exhaustion renders a claim "procedurally defaulted" for federal habeas corpus purposes. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Habeas corpus relief cannot be granted on a procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

A review of the state court record shows that Petitioner never presented an Eighth or Fourteenth Amendment sentencing claim to the Idaho Supreme Court. Petitioner and his counsel presented only state law "excessive sentence" or "abuse of discretion" theories to the state courts—likely because he had the greatest chance of prevailing under these lower state law standards and almost no chance of prevailing under federal standards, as discussed below. The Idaho Court of Appeals addressed no federal issue in affirming the sentences. (*See* State's Lodgings B-1, B-3, B-6, B-8, B-12.)

Petitioner did not fairly present a federal sentencing claim in his post-conviction appeal before the Idaho Court of Appeals. (State's Lodging C-1.) Nor did his petition for review reference a federal sentencing issue. (See State's Lodging D-5.)

Similarly, Petitioner did not fairly present a federal sentencing issue or claim in his 2021 Rule 35(a) appeal. (State's Lodgings F-3, F-5, F-8.) Instead, he argued that the trial court erred by misapplying state court rules and misinterpreting state statutes. (*See id.*) He also asked the appellate courts to overrule *State v. Meier*, 366 P.3d 197 (Idaho Ct. App. 2016), which interpreted the term "may extend to life" in I.C. § 19-2514, the persistent violator statute, to include a fixed life sentence. The Idaho Court of Appeals did not analyze any federal issues in its opinion rejecting Petitioner's state law claims. (State's Lodging F-6.)

Accordingly, it is clear that Petitioner did not present a federal sentencing claim to the Idaho Supreme Court at any time. It is now too late to do so. Therefore, the claim in

**MEMORANDUM DECISION AND ORDER - 13**

his federal Petition for Writ of Habeas Corpus is procedurally defaulted. No legal excuse was argued by Petitioner, and none appears evident in the record.

### 4. Discussion of Merits of Claim

Alternatively, the Court concludes that Petitioner is not entitled to relief on his claim that his sentence is excessive under federal law, which is governed by the Eighth Amendment. At the time the Idaho Supreme Court denied the petition for review, precedent from the United States Supreme Court existed that does not support Petitioner's argument of a constitutionally excessive sentence. *See Rummel v. Estelle*, 445 U.S. 263, 274 n.11 (1980) (sentence of life with the possibility of parole not unconstitutional under recidivism statue where underlying offenses were fraudulent use of a credit card to obtain $80 in goods and services, passing a forged check for $28.36, and obtaining $120.75 by false pretenses; the Court cited an example of a disproportionate sentence as "if a legislature made overtime parking a felony punishable by life imprisonment"); *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine, a *gross disproportionality* principle can be extrapolated from among the majority and concurring justices' opinions); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (two consecutive sentences of 25 years to life in prison for a "third strike" provision of state law for stealing $150 worth of videotapes did not violate the gross disproportionality principle and did not

MEMORANDUM DECISION AND ORDER - 14

warrant habeas corpus relief); *Ewing v. California*, 538 U.S. 11 (2003) (same result for inmate convicted of felony grand theft for stealing three golf clubs, worth $399 apiece.)

Here, the state court record and the Idaho Court of Appeals' opinion affirming Petitioner's sentence show that sufficient evidence supports the sentencing judge's decision that, based on Petitioner's extensive, repetitive criminal history and the two sets of violent crimes of which he was convicted, he lacked rehabilitative potential and that a fixed life sentence was reasonable and necessary to protect society. The crimes were of a much more serious nature than those in *Rummel*, *Harmelin*, and *Lockyer*; therefore, no claim lies that the sentences were grossly disproportionate to the crimes. Because Petitioner's sentence is not contrary to governing precedent, he is not entitled to federal habeas corpus relief under a de novo review standard.

Even a federal constitutional claim that Petitioner's counsel or the trial court did not advise him that "life" under the persistent violator statute could mean "fixed" life before he pleaded guilty fails, because nothing in the record suggests that, had Petitioner not pleaded guilty, he would not have been convicted of the crimes and the persistent violator enhancement. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that a claim that a plea is not knowing and voluntary due to counsel's ineffective advice requires a showing of a reasonable probability that the defendant would not have pled guilty but for counsel's erroneous advice). In addition, the United States Supreme Court has observed: "We have never held that the United States Constitution requires the State to furnish a

MEMORANDUM DECISION AND ORDER - 15

defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Id*. at 56.

In the change of plea hearing, the trial judge informed Petitioner that the maximum penalty for aggravated assault was five years; for aggravated battery on an officer, it was thirty years. The judge took care to inform Petitioner twice in short succession that, beyond the thirty years, the "sentencing enhancement … carries with it at least five years up to life in the penitentiary." (State's Lodging A-7, pp. 146-47.) Petitioner stated that he understood the possible penalties. *Id*. Later in the hearing, the court for a third time asked, "And, Mr. Perez, you are subjecting yourself at a maximum to imposition of the penalties that are provided under Idaho law for these offenses, which could be life in prison." *Id*., p. 159. Petitioner responded, "Yes, I do." *Id*. Based on the law and these facts, the record reflects that the plea was knowing and voluntary.

Nor has Petitioner shown that the Idaho appellate courts' interpretation of the persistent violator statute transgresses federal due process principles. For federal habeas corpus purposes, the United States Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law … and that [the federal courts] are bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (internal citations omitted). Generally, federal habeas corpus relief is "unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citations omitted), *cert. denied*, 478 U.S. 1021 (1986);

**MEMORANDUM DECISION AND ORDER - 16**

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In particular, federal habeas corpus relief "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." *Middleton*, 768 F.2d at 1085–86. Here, the record reflects that Petitioner's state proceeding did not transgress any known federal procedural guarantee.

The only exception permitting a federal court to review a state court's interpretation of state law is when the state court's interpretation is untenable and amounts to an obvious subterfuge to avoid federal review of a constitutional violation. *See Wilbur*, 421 U.S. at 691 n.11. In *Wilbur*, the federal district court found that the state court's statutory interpretation did *not* meet this test because, "even assuming [the interpretation] to be novel, [it] does not frustrate consideration of the due process issue." *Id. Wilbur* relied on *Terre Haute & I. R. Co. v. Indiana ex rel. Ketcham*, 194 U.S. 579, 589, (1904), as an example of the rare case where an untenable interpretation *did* amount to a subterfuge:

> The state court has sustained a result which cannot be reached, except on what we deem a wrong construction of the charter, without relying on unconstitutional legislation. It clearly did rely upon that legislation to some extent, but exactly how far is left obscure. We are of opinion that we cannot decline jurisdiction of a case which certainly never would have been brought but for the passage of flagrantly unconstitutional laws, because the state court put forward the

**MEMORANDUM DECISION AND ORDER - 17**

> untenable construction more than the unconstitutional statutes
> in its judgment. To hold otherwise would open an easy
> method of avoiding the jurisdiction of this court.

*Id*. at 589.

In *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994), the United States Court
of Appeals for the Ninth Circuit considered and rejected the *Wilbur* "obvious subterfuge"
exception:

> Peltier argues that when the state judge originally ordered five
> years' probation and that he be held in county jail for sixty
> days, this constituted a sentence, rather than the withholding
> of imposition of judgment. However, the Idaho Supreme
> Court reviewed this issue and found that Peltier's judgment
> was initially withheld, notwithstanding any inconsistency in
> the written order. In addition, it found that the sixty days
> spent in county jail was a condition of the probation, rather
> than part of a sentence. Idaho's interpretation of whether the
> state judge's order constituted a withholding of judgment or a
> sentence is a question of state law.
>
>                    * * *
>
> There is no such subterfuge here, therefore we must accept
> the Idaho Supreme Court's interpretation that the original
> order constituted a withholding of judgment, and that the
> sixty days spent in county jail constituted a condition of
> Peltier's probation.

15 F.3d at 861–62.

Here, the Idaho appellate courts have interpreted "life" to mean "life," in the at-
issue statute and within the context of the Unified Sentencing Act scheme. *See* I.C. § 19-
2513. (*See* State's Lodging F-6.) There is no federal constitutional right to parole,

**MEMORANDUM DECISION AND ORDER - 18**

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and no state-created liberty interest in parole. *See Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996).

In Petitioner's case, the record reflects no attempt by the Idaho courts to avoid federal review by their decision to interpret "life" to mean either life with non-guaranteed parole or life without parole. As the federal cruel and unusual punishment precedent cited above demonstrates, the United States Constitution permits states to imprison adult citizens for life without parole when warranted for the protection of society, the Constitution does not require states to advise defendants about parole possibilities, only maximum sentences.

Further, there is no constitutional prohibition on a fixed life sentence for a 28-year-old persistent violator. The Eighth Amendment "guarantees individuals the right not to be subjected to excessive sanctions," a right that "flows from the basic precept of justice that punishment for crime should be graduated and proportioned to both the offender and the offense." *Miller v. Alabama*, 567 U.S. 460, 469 (2012) (internal citation and punctuation omitted). In *Graham v. Florida*, 560 U.S. 48 (2010), *as modified* (July 6, 2010), the Court prohibited life-without-parole sentences for nonhomicide juvenile offenders. In *Miller*, the Court held that the Eighth Amendment prohibits *mandatory* life-without-parole sentences for juvenile offenders. 567 U.S. at 465. Neither prohibition

applies to Petitioner. For these reasons, the Fourteenth Amendment Due Process Clause
is not offended by Petitioner's sentences.

Therefore, under no formulation of a federal claim is Petitioner entitled to relief.[2]

### 5.  Conclusion

Petitioner filed his most recent federal Petition for Writ of Habeas Corpus far
beyond the one-year statute of limitations period. Because Petitioner failed to raise any
federal claim properly in the Idaho Supreme Court, his claims are procedurally defaulted.

Petitioner was informed of the proper standards of law required to show excuse for
his untimeliness and procedural default. (*See* Dkt. 12-1, pp. 10, 17-19.) The Court has
independently reviewed the record and sees no facts or legal theories to support any legal
excuse. Nothing in the record shows that Petitioner has an adequate reason for not
bringing his claims on direct appeal or in his original Rule 35 motion, because his claims
were known at that time. Nothing in the record shows that Petitioner is actually innocent
of the crimes of which he stands convicted—which might be grounds for excusing
untimeliness or procedural default. Finally, even if Petitioner had brought a timely,
properly-exhausted federal sentencing claim, it is subject to denial on the merits.

Accordingly, the Petition will be denied and dismissed with prejudice.

---

[2] In addition, state clemency provisions exist. *See* I.C § 20-1015.

**MEMORANDUM DECISION AND ORDER - 20**

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer (Dkt. 10) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED.

3. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED with prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 11, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 21**